UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-172(DSD/FLN)

Sagan C.S. Lara, f/k/a
Lara C. Mosher,

       Plaintiff,

v.                                      **ORDER**

Michael Astrue, Commissioner
of Social Security,

       Defendant.


    Edward C. Olson, Esq., 331 Second Avenue South, Suite 420, Minneapolis, MN 553401, counsel for plaintiff.

    David Fuller, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for defendant.


This matter is before the court upon the objection by defendant Commissioner of Social Security to the February 14, 2012, report and recommendation of the magistrate judge. The report recommends that the court reverse the decision of the Commissioner and remand the action for immediate calculation and award of benefits. Based on a review of the file, record and proceedings herein, and for the following reasons, the court sustains the objection in part and remands the matter to the Administrative Law Judge (ALJ) for further proceedings. See 28 U.S.C. § 636(b)(1)(C).

**BACKGROUND**

The background of the action is fully set forth in the report and recommendation, and the court briefly summarizes the history of the present action. Plaintiff Sagan C.S. Lara[1] seeks judicial review of a decision to deny her July 16, 2007, application for social security disability benefits. The Commissioner denied the application initially and upon reconsideration. Lara then requested an administrative hearing. An ALJ heard testimony from Lara, R. 31-50,[2] medical expert Andrew Steiner, M.D., R. 50-54, and vocational expert David Russell, R. 54-61. The ALJ also considered the opinions of Lara's treating physician, Dr. Mague, and the results of Lara's January 2010 physical performance test (PPT).

The PPT, performed by a physical therapist at Sister Kinney Sports & Physical Therapy Center (Kinney Sports), concluded that Lara's capabilities fell below the sedentary work level, and that she was "not feasible for competitive employment." R. 715-17. The physical therapist completed an R-33 form, which indicated that Lara can sit for one to two hours a day and stand and walk less than one hour a day. See R. 717-19. The R-33 form further indicated that as of January 8, 2010, it was not feasible for Lara to perform competitive work. Id. Dr. Mague signed the form.

---

[1] Plaintiff's name is Lara Mosher throughout the record.

[2] The court denotes references to the administrative record, ECF No. 7, as "R."

Further, Lara testified that her "tolerance definitely has been going down steadily since [her] injury in 2005." R. 47.

To determine the presence and extent of a Lara's disability, the ALJ followed the five-step analysis mandated by 20 C.F.R. § 416.920(a)(4).  The ALJ determined that Lara has not engaged in substantial gainful activity since September 25, 2006, and that she is severely impaired by a history of morbid obesity, gastric bypass surgery in 2004, degenerative disc disease of the lumbar spine, microdiscectomy in 2005, bilateral trochanteric bursitis, chronic pain and a history of asthma.  See R. 12.  At step three, the ALJ determined that Lara's back conditions are not equivalent to and do not meet the severity of listed impairments.  R. 14.[3]

At the fourth step, the ALJ determined that Lara has the residual functional capacity (RFC) to perform sedentary work.[4]  See id.  The ALJ discredited the opinions of Dr. Mague as inconsistent with the objective evidence.  Specifically, the ALJ noted that the September 2007 opinion of disability was inconsistent with Lara's travel by car to Iowa and by airplane to France, as well as her attendance in school.  R. 20.  Additionally, the ALJ found that the 2008 opinion of disability was inconsistent with Lara's independent

---

[3] The findings in the first three steps are not disputed on appeal.

[4] Defined as standing or walking two hours of an eight-hour day and sitting for six hours of an eight-hour day.  See 20 C.F.R. § 404.1567(a).

living and household chores.  Id.  Moreover, the ALJ noted that the
record does not show that Lara's wheelchair and motorized chair
were necessary or medically prescribed.   Id.

The ALJ affirmed the denial of Lara's application.  R. 10-21.
Thereafter, the Social Security Administration Appeals Council
denied Lara's request for review, and the decision of the ALJ
became the final decision of the Commissioner.

Lara filed the present action seeking judicial review on
January 24, 2011.  Both parties moved for summary judgment, and the
magistrate judge recommends granting Lara's motion, because the ALJ
failed to give controlling weight to the opinion of Lara's treating
physician when determining her RFC, thus resulting in a faulty
opinion by the vocational expert.  The Commissioner objects.


## DISCUSSION

The court reviews the report and recommendation of the
magistrate judge de novo, and the findings and decision of the ALJ
for substantial evidence.  See 28 U.S.C. § 636(b)(1)(C); Haley v.
Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  "Substantial
evidence is evidence that a reasonable mind would find adequate to
support the ALJ's conclusion." Nicola v. Astrue, 480 F.3d 885, 886
(8th Cir. 2007) (citation omitted). On review, the court considers
"both evidence that detracts from and evidence that supports the
Commissioner's decision." Hartfield v. Barnhart, 384 F.3d 986, 988

4

(8th Cir. 2004) (citation omitted).  "However, the mere fact that some evidence may support the opposite conclusion than that reached by the Commissioner does not compel [the] [c]ourt to reverse the decision of the ALJ."  Id. (citation omitted).  Rather, if it is possible to reach "two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision."  Goff v. Barnhart, 421 F.3d 785, 789 (8th Cir. 2005) (citation omitted).

The ALJ gives controlling weight to the opinions of a treating physician when the "opinion on the issue(s) of the nature and severity ... is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record.  20 C.F.R. § 404.1527(d)(2); Perkins v. Astrue, 648 F.3d 892, 897 (8th Cir. 2011).  However, "[a] treating physician's opinion does not automatically control, since the record must be evaluated as a whole."  Id. (citation and internal quotation marks omitted).  Moreover, "[a] treating physician's opinion that a claimant is disabled or cannot be gainfully employed gets no deference because it invades the province of the Commissioner to make the ultimate disability determination."  Id. at 898 (quoting House v. Astrue, 500 F.3d 741, 745 (8th Cir. 2007)).

In the present action, it appears that the ALJ discounted the opinions of Dr. Mague and the January 2010 PPT in part because Dr.

Mague was not qualified to perform the assessment. <u>Id.</u>
Specifically, the ALJ noted that Dr. Laden, a partner of Dr. Mague,
determined that she was not qualified to complete a work assessment
for Lara. <u>Id.</u> In so doing, the ALJ questioned the credibility of
Dr. Mague. <u>See id.</u> But the January 8, 2010, PPT was not performed
by Dr. Mague, rather a physical therapist at Kinney Sports
conducted the assessment. As a result, it appears that the ALJ may
have improperly discounted the 2010 medical opinion of Dr. Mague
for a reason unsupported by the record.

The court agrees, however, with the government that the record
does not overwhelmingly support a finding that Lara is actually
disabled, or if she is disabled, when she became so, especially in
light of her testimony that her condition in January 2010 had
gotten progressively worse since her injury. The ALJ retains
discretion to weigh Dr. Mague's opinions in light of other evidence
and opinions of consulting physicians and vocational experts.[5]
Therefore, remand to the ALJ is proper so that the ALJ may
consider, in light of the record as a whole, the January 2010 PPT
and opinion of Dr. Mague.

---

[5] The court notes that after reviewing the opinion of Dr.
Mague, the ALJ may still conclude that the record supports a denial
of benefits.

### CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the objection [ECF No. 23] by the government is sustained in part and this matter is remanded to the ALJ for further proceedings.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:  March 29, 2012

s/David S. Doty
David S. Doty, Judge
United States District Court
